Brian O. WHITE, Plaintiff–Appellant,

v.

## WARREN CORRECTIONAL INSTITUTION, Defendant–Appellee.

### No. 02–3116.

United States Court of Appeals, Sixth Circuit.

Oct. 17, 2002.

Before MARTIN, Chief Judge; RYAN, Circuit Judge; and COHN, District Judge.*

## *ORDER*

Brian O. White, proceeding through counsel, appeals a district court judgment dismissing his employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On June 23, 2000, White filed a complaint against the Warren Correctional Institution ("WCI"). White, an African–American male, alleged that he was employed by WCI as a corrections officer from December 1996 until September 1999, when his employment was terminat-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

ed. WCI terminated White's employment for violation of Department of Rehabilitation and Corrections Standards of Employee Conduct Rules 30A and 46E. Ruke 30A prohibits the conveyance, distribution, possession, or consumption of alcoholic beverages and/or drugs of abuse while on state property and Rule 46E prohibits the commission of any sexual act with any individual under the supervision of the Department of Corrections. White alleged, however, that his employment was terminated because of his race and sex. After filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, White filed the instant action in a pro se capacity. He sought monetary relief. White subsequently retained counsel to pursue the action on his behalf.

WCI filed a motion for summary judgment, to which White responded. WCI then filed a reply to White's response. A magistrate judge filed a report in which he recommended granting WCI's motion for summary judgment. Over White's objections, the district court adopted the magistrate judge's report and recommendation, granted WCI's motion for summary judgment, and dismissed the case. White has filed a timely appeal. The parties have waived oral argument.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Title VII race and sex discrimination claims are analyzed in accordance with the burden-shifting analysis espoused in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 928 (6th Cir.1999); *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir.1995). The plaintiff must first prove a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817.

In order to establish a prima facie case of race discrimination, the plaintiff must show that: 1) he is a member of a protected class; 2) he was subjected to an adverse employment action; 3) he was qualified for the position in question; and 4) he was replaced by a non-protected person or similarly-situated non-protected employees received preferential treatment. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817; *Talley*, 61 F.3d at 1246. To establish a prima facie case of sex discrimination, the plaintiff must show that: 1) he "is a member of a protected class"; 2) he suffered "an adverse employment action;" 3) he was qualified; and 4) he "was treated differently than similarly-situated [opposite sex] employees for the same or similar conduct." *Jacklyn*, 176 F.3d at 928. In order to compare his treatment to that of a non-protected employee, the plaintiff must show that "he or she is similarly-situated to the non-protected employee in all *relevant* respects." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir.1998).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere

pretext for unlawful discrimination. *Id.* at 804, 93 S.Ct. 1817.

Upon review, we conclude that the district court properly granted summary judgment in favor of WCI. White failed to establish a prima facie case of race and sex discrimination and did not offer any evidence from which a reasonable jury could conclude that WCI's reasons for terminating his employment were pretextual. *See id.*

Accordingly, the district court's judgment is affirmed.